UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENISE L. SAYLOR,        )  | |
|     Plaintiff,        ) | |
|                      ) | |
| vs.        ) | 1:05-cv-0628-LJM-WTL |
|                      ) | |
| RONALD P. MCINTYRE,        ) | |
| d/b/a RONNIE'S BODY SHOP,        ) | |
|     Defendant.        ) | |

### ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on the motion of the defendant, Ronald P. McIntyre ("McIntyre"), for summary judgment on the claim for sexual harassment brought against him by the plaintiff, Denise L. Saylor ("Saylor"). McIntyre asserts that Saylor's claim fails because she voluntarily quit her job and because no actionable sexual harassment occurred. For the reasons explained herein, McIntyre's motion is **DENIED**.

### I. BACKGROUND

Saylor worked at Ronnie's Body Shop, of which McIntyre is the owner and manager, from March 18, 1999, until she quit on September 28, 2001. Affidavit of Ronald McIntyre ("McIntyre Aff.") ¶¶ 3, 4. Saylor alleges that during that time, McIntyre sexually harassed her to the point that she felt she had to quit her job. While Saylor has provided the Court with precious few facts to support her allegations, she has submitted affidavits from people who claim to have witnessed McIntyre's inappropriate behavior.[1]

---

[1] As McIntyre has noted, some of the evidence Saylor has submitted to support her case is hearsay, and cannot be considered by the Court.

Linda Bell has testified that she saw McIntyre rubbing Saylor's shoulders, making comments of a sexual nature, and trying to rub against her. Affidavit of Linda Bell ¶ 2. Mike Whedon has testified that he witnessed McIntyre touching Saylor, rubbing her hair, shoulders or back. Affidavit of Mike Whedon ¶ 3. Whedon claims to have heard McIntyre tell Saylor to drive the company car with the top down so he could see her hair blowing in the wind, saying "You just don't know what that does to me." *Id.* ¶ 4. Kim Johns has testified that McIntyre made rude advances to female employees several times in her presence and seemed "really stuck on" Saylor. Affidavit of Kim Johns ("Johns Aff.") ¶ 2. Johns saw McIntyre massaging Saylor's shoulders "on more than one occasion." *Id.*

## II. STANDARD

Summary judgment is granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the opposing party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A disputed fact is material only if it might affect the outcome of the suit in light of the substantive law. *See id.*

The moving party has the initial burden to show the absence of genuine issues of material fact. *See Wollin v. Gondert*, 192 F.3d 616, 620 (7th Cir. 1999); *Schroeder v. Barth, Inc.*, 969 F.2d 421, 423 (7th Cir. 1992). This burden does not entail producing evidence to negate claims on which the opposing party has the burden of proof. *See Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 & n.3 (7th Cir. 1994). The party opposing a summary judgment motion bears an affirmative burden

of presenting evidence that a disputed issue of material fact exists. *See Wollin*, 192 F.3d at 621.

When considering a summary judgment motion, a court must draw all reasonable inferences "in the light most favorable" to the opposing party. *Id.* at 621; *Thomas & Betts Corp. v. Panduit Corp.*, 138 F.3d 277, 291 (7th Cir. 1998); *Spraying Sys. Co. v. Delavan, Inc.*, 975 F.2d 387, 392 (7th Cir. 1992). If a reasonable fact finder could find for the opposing party, then summary judgment is inappropriate. *Stop-N-Go of Madison, Inc. v. Uno-Ven Co.*, 184 F.3d 672, 677 (7th Cir. 1999); *Shields Enters., Inc. v. First Chi. Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992). When the standard embraced in Rule 56(c) is met, summary judgment is mandatory. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322; *Thomas & Betts Corp.*, 138 F.3d at 291; *Shields Enters., Inc.*, 975 F.2d at 1294.

### III. DISCUSSION

An employer may not "discharge any individual, or otherwise . . . discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a). Saylor does not claim that McIntyre terminated her, but that her working conditions were so rife with sexual harassment that she had to quit her job to protect her physical and emotional health.

A plaintiff can show she was constructively discharged if she was forced to resign because her working conditions, from the standpoint of a reasonable employee, had become unbearable. *EEOC v. University of Chi. Hosp.*, 276 F.3d 326, 331 (2002); *Lindale v. Tokheim Corp.*, 145 F.3d 953, 955 (7th Cir. 1998). The employee must be able to demonstrate that the discriminatory work environment was "even more egregious than the high standard for hostile work environment." *University of Chi. Hosp.*, 276 F.3d at 332. In an "ordinary" hostile environment case, an employee

is "expected to remain on the job while seeking redress." *Wolf*, 250 F.3d at 1143; *accord Tutman v. WBBM-TV, Inc.*, 209 F.3d 1044, 1050 (7th Cir. 2000) *cert. denied*, 531 U.S. 1078 (2001). However, in an "aggravated" case, the employer "*makes* an employee's working conditions so intolerable that the employee is forced into an involuntary resignation." *Hertzberg v. SRAM Corp.*, 261 F.3d 651, 658 (7th Cir. 2001) (quoting *Saxton v. American Tel. & Tel. Co.*, 10 F.3d 526, 536-37 (7th Cir. 1993) (quoting *Weihaupt v. American Med. Ass'n*, 874 F.2d 419, 426 (7th Cir. 1989) (emphasis in original))) *cert. denied*, 534 U.S. 1130 (2002).

Saylor has demonstrated that a fact issue exists as to whether her working conditions were so intolerable that a reasonable person would not have remained on the job. The alleged harasser in this case was the owner and manager of Saylor's workplace. McIntyre Aff. ¶ 3. A reasonable jury could find that Saylor was justified in choosing not to stay at her job while seeking redress.

To establish a *prima facie* case for a hostile environment claim, a plaintiff must show: (1) harassment because of her membership in a protected class, *Oncale v. Sundowner Offshore Serv., Inc.*, 523 U.S. 75, 81 (1997), that (2) was severe and pervasive enough to alter the plaintiff's working conditions, *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 67 (1986), (3) which was unwelcome, *id*. at 68, and (4) the employer did not act promptly to effectively correct or prevent the harassment. *Saxton v. American Tel. & Tel. Co.*, 10 F.3d 526, 535-36 (7th Cir. 1993). The conduct at issue must be both subjectively and objectively hostile, such that a reasonable person would find the environment abusive. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). To determine whether the conduct at issue was objectively hostile, the Court must look at the totality of the circumstances, including frequency and severity; whether the conduct was physically threatening or humiliating, or a mere offensive utterance. *Id.* The Seventh Circuit has recognized that pervasiveness and severity

"are, to a certain degree, inversely related; a sufficiently severe episode may occur as rarely as once, while a relentless pattern of lesser harassment that extends over a long period of time also violates the statute." *Hrobowski*, 358 F.3d at 477 (rejecting the "erroneous premise that the harassing words or conduct had to be both severe *and* pervasive" and emphasizing that "one or the other will do.") (internal quotation marks omitted).

It is unclear by the evidence Saylor has presented whether the alleged harassment was frequent or for how long the harassment occurred. However, Saylor demonstrated that an issue of fact exists that McIntyre's conduct was severe. Saylor has presented evidence of several instances of physical touching, which is more physically threatening and humiliating than mere offensive utterances. *See Harris*, 510 U.S. at 21. Witnesses saw McIntyre touch Saylor's hair, rub her shoulders and back, and attempt to rub against Saylor. Witnesses also heard McIntyre make sexual comments to Saylor. Under the totality of the circumstances, the Court concludes a reasonable juror might find McIntyre's alleged conduct was objectively hostile and abusive. *See id.*

## IV. CONCLUSION

For the reasons stated herein, McIntyre's motion for summary judgment is **DENIED**.

IT IS SO ORDERED this 30th day of November, 2005.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

5

Distributed via U.S. Postal Service to:

Denise L. Saylor
147 A. Meadow Place
Hope, IN 47246


Distributed electronically to:

Timothy J. Vrana
tim@timvrana.com